IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACQUES S. HAWKINS, #87864-509, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PHILLIPS, )<br>LT. BURGGRAF, and )<br>WARDEN, FCI-GREENVILLE, )<br>)<br>Defendants. ) | Case No. 23-cv-02008-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jacques Hawkins, a federal inmate, filed this action while he was incarcerated at the FCI-Greenville, Illinois, seeking only injunctive relief in the form of a transfer to a different prison (Doc. 1). Plaintiff was subsequently transferred to the Federal Medical Center at Springfield, Missouri. In response to the Court's Order to show cause as to why this case should not be dismissed as moot, Plaintiff asserted he is seeking monetary damages and submitted a First Amended Complaint, which is now the operative pleading (*see* Docs. 26, 27, 28, 29).[1]

The First Amended Complaint (Doc. 29) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the pleading that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Defendants Phillips and the Greenville Warden were served with the original Complaint, and their Answer due date is April 29, 2024 (Doc. 30). However, as explained below, Plaintiff's First Amended Complaint does not support his claims against any individual defendant, thus Phillips will be dismissed as a party and need not file a response. And as Plaintiff is no longer housed at Greenville, his claim for injunctive relief that prompted the Court to add the Warden as a party is now moot. The Warden will therefore be dismissed from the action and need not respond.

1

**The First Amended Complaint**[2]

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 29): Caseworker Phillips allowed multiple inmates to read Plaintiff's central file on April 17-18, 2023, after several inmates threatened Plaintiff with physical harm to force him to allow that access (Doc. 29, p. 3). The inmates forced Plaintiff out of his cell and threatened to "jump" him. Plaintiff informed Phillips that he was in imminent danger of serious physical harm, but she did nothing to stop the inmates reading his file or to protect Plaintiff from the threats. When Plaintiff told Phillips he would have to defend himself if attacked, she responded "do what you have to or go to the SHU/Hole," which would result in lost privileges and delayed approval for halfway house placement. Plaintiff decided to go to the SHU before he suffered any more threats or neglect from staff (Doc. 29, p. 4). The inmates who issued the threats stole Plaintiff's commissary items (worth $144.00) out of his cell. Only some of them were retrieved by officers.[3]

Plaintiff wrote complaints against Phillips. On May 4, 2023, Lt. Burggraf bribed Plaintiff to withdraw the complaints by giving Plaintiff 40 stamps and indicating he might be able to have Plaintiff transferred.[4] Phillips was never punished for her conduct, nor were the other inmates. On May 31, 2023, Burggraf told Plaintiff his investigation concluded Plaintiff was not in danger, and that Burggraf would place him back in general population in a different housing unit. Plaintiff believed the move would again endanger him because the inmates who threatened him faced no punishment.

---

[2] The First Amended Complaint is dated May 31, 2023; however, Plaintiff did not submit it for filing until February 26, 2024 (Doc. 27). Plaintiff originally filed this case in the Eastern District of Missouri under Case No. 23-cv-00601-SEP; the case was transferred to this Court on June 13, 2023 (Docs. 5, 7). The electronic docket for the case in the Eastern District reflects that the First Amended Complaint (Doc. 29) was also not filed in that court.
[3] Plaintiff states he has filed a separate Federal Tort Claim for the loss of this property (Doc. 27, p. 1).
[4] Plaintiff included his complaints, the withdrawal, and related paperwork with his Motion of Cause/Right of Action (Doc. 27, pp. 6-21). He attached additional complaints regarding a conversation with Phillips and a counselor on January 4, 2024; the new complaints included Plaintiff's original allegations against Phillips and Burggraf (Doc. 27, pp. 22-27).

Invoking *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, Plaintiff seeks damages based on Phillips' invasion of his privacy by allowing inmates to read his central file, Phillips' failure to protect him from the inmates' threats of bodily harm, and Lt. Burggraf's bribery, all of which subjected him to an unsafe environment at Greenville (Doc. 29, pp. 1, 5-6). He also alleges that Defendants neglected his rights, violated BOP policies, and retaliated against him. *Id.*

Based on the allegations in the First Amended Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment deliberate indifference/failure to protect claim against Phillips for placing Plaintiff in danger by allowing other inmates to view his central file, and failing to act after Plaintiff reported the inmates' threats to Phillips.

Count 2: Federal Tort Claim against Phillips for allowing other inmates to read Plaintiff's central file in violation of prison regulations and his privacy rights, placing Plaintiff in danger and subjecting him to threats from other inmates.

Count 3: Eighth Amendment claim against Burggraf for moving Plaintiff back into general population, placing him in danger from the inmates who read his file and threatened him.

Count 4: Federal Tort Claim against Burggraf for bribing Plaintiff to withdraw his claim against Phillips.

Count 5: First Amendment retaliation claim against Phillips and/or Burggraf.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[5]

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Discussion**

**Count 1**

A *Bivens* claim against a federal officer is the federal counterpart to a civil rights claim brought against state actors under 42 U.S.C. § 1983. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397 (1971). However, the two claims are not the same. Since *Bivens*, the Supreme Court has recognized only two other implied damages causes of action: a Fifth Amendment claim for gender discrimination and an Eighth Amendment claim for failure to provide a prisoner with adequate medical treatment. *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has not extended *Bivens* to other contexts and has instructed that further expansion of the *Bivens* remedy is a "disfavored" judicial activity. *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)).

The Seventh Circuit recently determined that a federal prisoner could not bring an Eighth Amendment claim under *Bivens* against his case manager for housing him with violent inmates, who then attacked him. *Sargeant v. Barfield*, 87 F.4th 358, 366-67 (7th Cir. 2023). Under this precedent, Plaintiff could not maintain a claim for damages against Phillips even if he had suffered physical harm. And here, Plaintiff asserts only that he endured verbal threats of harm from other inmates, not an actual attack. Plaintiff's claim that Phillips violated his privacy by allowing the inmates to read his file, is likewise not authorized under *Bivens*. Count 1 will therefore be dismissed with prejudice.

**Count 2**

The Federal Tort Claims Act ("FTCA") allows claims for money damages to be brought against the United States for:

> injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the

4

> scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred[.]
>
> 28 U.S.C. § 2672.

Thus, to state a viable FTCA claim based on Phillips' conduct, Plaintiff must articulate some action or inaction on her part that would constitute a tort under Illinois law if committed by a private person. 28 U.S.C. § 1346(b)(1); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003); *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013).

Plaintiff asserts that Phillips improperly allowed other inmates to read his file, in violation of BOP regulations and his privacy rights. A federal employee's violation of federal agency rules, to the extent it might run afoul of Illinois state law, could be characterized as "official misconduct." A "public officer or employee or special government agent" commits official misconduct when the official:

> (1) Intentionally or recklessly fails to perform any mandatory duty as required by law; or
> (2) Knowingly performs an act which he knows he is forbidden by law to perform; or
> (3) With intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority; or
> (4) Solicits or knowingly accepts for the performance of any act a fee or reward which he knows is not authorized by law.

720 ILCS § 5/33-3(a)(1-4) (violation constitutes a Class 3 felony and conviction will result in forfeiture of the violator's office or employment). However, Illinois does not recognize a private cause of action based on this statute. Accordingly, Plaintiff cannot maintain a tort claim against Phillips for official misconduct.

As to Plaintiff's invasion of privacy claim, Illinois courts recognize a common law tort of intrusion upon seclusion, where a tortfeasor "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another." *Dinerstein v. Google, LLC*, 73 F.4th 502, 512 (7th Cir. 2023)

(quoting Restatement (Second) of Torts § 652(B) (Am. Law Inst. 1977)); *see also Belleville v. Cottrell, Inc.*, No. 09-cv-962-JPG, 2010 WL 1251442, at *4-5 (S.D. Ill. Mar. 24, 2010).  The elements of this tort are: "(1) an unauthorized intrusion or prying into the plaintiff's seclusion, (2) the intrusion must be offensive or objectionable to a reasonable man, (3) the matter upon which the intrusion occurs must be private, and (4) the intrusion causes anguish and suffering." *Burns v. Masterbrand Cabinets, Inc.*, 314 Ill. Dec. 162, 874 N.E.2d 72, 77 (Ill. App. 2007) (citing *Melvin v. Burling*, 95 Ill. Dec. 919, 490 N.E.2d 1011, 1013-14 (Ill. App. 1986)).

Phillips' alleged disclosure of the contents of Plaintiff's central file to his fellow inmates arguably falls within the parameters of this Illinois tort.  Accordingly, he may proceed on the "intrusion upon seclusion" portion of the claim in Count 2.  However, because this claim will proceed under the FTCA, the United States will be substituted for Defendant Phillips and service will be ordered accordingly.  *See Osborn v. Haley*, 549 U.S. 225, 230 (2007); 28 U.S.C. § 2679(b)(1) (United States must be substituted as a defendant in a tort suit brought against a government employee).

## Count 3

For the reasons explained in the discussion of Count 1 above, Plaintiff cannot maintain a *Bivens* civil rights claim against Burggraf for moving or threatening to move Plaintiff back to general population where he faced danger from other inmates.  Therefore, Count 3 will be dismissed with prejudice.

## Count 4

While bribery is a criminal offense under 720 ILCS 5/33-1, bribery is not a tort under Illinois law.  *See Roger Whitmore's Auto. Servs., Inc. v. Lake Cnty., Illinois*, No. 99-C-2504, 2002 WL 959587, at *10 (N.D. Ill. May 9, 2002) (noting the common law does not recognize the torts

of bribery or extortion). As such, Plaintiff cannot maintain an FTCA claim premised on the alleged bribery committed by Burggraf. Count 4 will be dismissed with prejudice.

### Count 5

Plaintiff's allegations do not include a sequence of events that would support a First Amendment retaliation claim. Even if he had done so, retaliation is not cognizable as a *Bivens* claim for damages. *Egbert v. Boule*, 596 U.S. 482 (2022) (*Bivens* remedy does not extend to a First Amendment retaliation claim). Therefore, Count 5 will also be dismissed with prejudice.

### Disposition

The First Amended Complaint states a colorable FTCA claim in Count 2 against the United States for the tort of intrusion upon seclusion based on Phillips' disclosure of Plaintiff's central file to other inmates. The Clerk of Court is **DIRECTED** to **SUBSTITUTE** the United States as a defendant for this claim in place of Defendant Phillips. Counts 1, 3, 4, and 5 fail to state claims upon which relief may be granted and are **DISMISSED** with prejudice. Defendants Phillips, Burggraf, and the Warden of FCI-Greenville are **DISMISSED** from the action. The Clerk of Court is **DIRECTED** to send a copy of this Memorandum and Order to Phillips and the Greenville Warden at the addresses where they were served with summons.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the First Amended Complaint (Doc. 29), and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney

General of the United States at Washington, D.C., a copy of the summons, the First Amended Complaint (Doc. 29), and this Memorandum and Order.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 7, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
